[No. B006262. Second Dist., Div. Three. Mar. 27, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH RAY JACKSON, Defendant and Appellant.

**COUNSEL**

John D. O'Loughlin, under appointment by the Court of Appeal, and O'Loughlin & Kough for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and Carol Wendelin Pollack, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LUI, J.**—Kenneth Jackson appeals from the judgment entered following a jury trial in which he was convicted of three counts of first degree burglary,

two counts of robbery, and nine counts of residential robbery. (Pen. Code, §§ 459, 211, 211/213.5.) ▮▮ He was sentenced to 21 years and 4 months in the state prison and contends: "The trial court erred in sentencing appellant to subordinate terms in excess of five years [because] Penal Code section 1170.95(a) does not permit the aggregate consecutive sentences for various crimes to exceed five years unless all of the crime [*sic*] are residential burglaries."

## FACTUAL BACKGROUND

As appellant's sole contention concerns the proper interpretation of Penal Code section 1170.95, which increases the limits on total subordinate terms for consecutive residential burglary offenses, the substantive facts underlying appellant's convictions need not be set forth in detail.

It is sufficient to observe that appellant was convicted following jury trial of three counts of first degree residential burglary, two counts of robbery, and nine counts of residential robbery in connection with a crime spree during late 1982 and 1983, which involved the forcible taking of money and property from eleven elderly persons and three instances of burglary of residences, also occupied by senior citizens.

At the sentencing hearing, the court selected the upper base term of six years for one of the first degree burglary counts, and imposed two consecutive one year terms for the two robbery counts, consecutive sixteen-month terms for eight of the nine residential robbery counts and two consecutive sixteen-month terms for the two remaining first degree burglary counts for a total unstayed term of twenty-one years and four months. Appellant claims that the maximum permissible sentence is eleven years and the excess term must be stayed.

## STATEMENT OF THE ISSUES

With certain exceptions not applicable to the instant matter, Penal Code section 1170.1 imposes two relevant limitations upon subordinate terms of imprisonment consecutively imposed for offenses, such as here, which are not "violent felonies" within the meaning of Penal Code section 667.5, subdivision (c). The total of subordinate terms for such offenses may not exceed five years, nor may they exceed twice the number of years imposed by the trial court as the base term pursuant to Penal Code section 1170. (Pen. Code, § 1170.1, subds. (a) and (g).)

In 1982, section 1170.8 was added to the Penal Code, and was subsequently renumbered as section 1170.95.[1] That section provides, in pertinent part: "(a) *Notwithstanding Section 1170.1* relating to the maximum total of subordinate terms for consecutive offenses which are not 'violent felonies,' *the total of the subordinate terms for consecutive offenses which are all residential burglaries may exceed five years but shall not exceed 10 years.* [¶] (b) *Notwithstanding Section 1170.1, the term of imprisonment may exceed twice the number of years imposed by the trial court as the base term* pursuant to subdivision (b) of Section 1170 *if the defendant stands convicted of at least two residential burglaries.*" (Italics added.)

Appellant contends that, since 11 of his 14 crimes were not residential burglaries, neither subdivision (a) nor subdivision (b) of Penal Code section 1170.95 applies and the total consecutive terms for all subordinate offenses may not exceed 5 years. We disagree. Nevertheless, as will appear, the sentence must be modified to the extent that the unstayed consecutive subordinate terms imposed for offenses other than the residential burglaries exceed five years.

## DISCUSSION

Initially, it is necessary to examine the words of Penal Code section 1170.95 to determine whether the meaning of its express terms are clear or ambiguous. ■ " 'When statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it.' [Citation.]" (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 723 [195 Cal.Rptr. 503, 669 P.2d 1278].)

■ Penal Code section 1170.95, subdivision (a) increases the five-year limitation for consecutive subordinate terms to ten years "for consecutive offenses which are all residential burglaries . . . ." This provision might be construed to permit the 10-year limitation to apply on subordinate burglary terms only when *all* of a defendant's convictions are for residential burglary. Alternatively, the increased limits on subordinate terms might also be interpreted to apply to all convictions for residential burglary, even when a defendant is convicted of other, unrelated offenses to which the five-year limitation of Penal Code section 1170.1 would apply.

---

[1] Effective in 1984, Penal Code section 1170.8 was amended and renumbered as section 1170.95, without substantive change, as the Legislature had apparently inadvertently adopted four different Penal Code provisions in 1982, each numbered section 1170.8. The other three sections of the same number addressed such diverse and unrelated subjects as aggravation of certain crimes committed in places of worship, punishment of Vietnam veterans convicted of felonies, and assaults and batteries against persons providing information to law enforcement officers and public prosecutors.

Subdivision (b) of section 1170.95 provides that the double the base term limits of Penal Code section 1170.1 do not apply, ". . . if the defendant stands convicted of at least two residential burglaries." This provision might be construed to apply only when a defendant sustains multiple convictions for residential burglary to the exclusion of other crimes. On the other hand, subdivision (b) may be interpreted as abolishing the double the base term limitation so long as the defendant sustains at least two convictions for residential burglary, regardless of the sentences imposed for other crimes. Thus, the express terms of subdivisions (a) and (b) of Penal Code section 1170.95 are susceptible to different interpretations that could materially affect the sentence under review.

This court's analysis of the statutory provisions is guided by settled principles of statutory construction. " 'Where language [of a statute] is susceptible of more than one meaning, it is the duty of the courts to accept that intended by the framers of the legislation, so far as its intention can be ascertained.' [Citation.]" (*Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787].) "To discern legislative intent, we must examine the legislative history and statutory context of the act under scrutiny." (*Ibid.;* see also *People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].)

 Penal Code section 1170.8, the statutory predecessor to current Penal Code section 1170.95, was added by statute as Assembly Bill No. 501 during the 1982 regular legislative session. In its original form, the bill amended Penal Code section 1170.1 by completely eliminating the existing five-year limitation on subordinate prison terms for all criminal offenses. (Assem. Bill No. 501 (1981-1982 Reg. Sess.) as introduced in the Assembly, Feb. 12, 1981; hereinafter AB 501.) In its first amended version, the bill also eliminated ". . . the limitation of twice the base term on total terms of imprisonment to which it applies . . . ." for all crimes. (AB 501 (1981-1982 Reg. Sess.) as amended in the Assembly, Apr. 9, 1981.) A subsequent amendment increased the five-year limitation on subordinate terms to ten years and eliminated the limitation of double the base term on total terms of imprisonment for all crimes. (AB 501 (1981-1982 Reg. Sess.) as amended in the Assembly, May 6, 1981.)

On January 21, 1982, AB 501 was amended to limit the increase on subordinate prison terms to those cases involving at least two residential burglaries. As amended, this version of the bill read, in relevant part: "In no case shall the total of subordinate terms for the consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years unless more than one of the consecutive offenses is residential burglary in which case the total of the subordinate terms shall not

exceed 10 years." The elimination of the double the base term limitation for all crimes was carried over in this version of the bill, as well.

AB 501 was amended in the Assembly on January 26, 1982, and reinstated the double the base term limits for subordinate terms, but maintained an exception for cases in which "the defendant stands convicted of . . . residential burglaries." The language of the proposed subdivision (a) of section 1170.1 in this version of the bill was altered to read: "In no case shall the total of subordinate terms for the consecutive offenses which are not 'violent felonies' . . . exceed five years unless . . . the consecutive offenses are for residential burglary in which case the total of the subordinate terms shall not exceed 10 years." Thereafter, the bill, as amended, was passed by the Assembly on January 27, 1982, and sent to the Senate.

In the Senate, on March 4, 1982, the language of AB 501 was again amended to read in pertinent part: "In no case shall the total of subordinate terms for the consecutive offenses which are not 'violent felonies' . . . exceed five years except that the total of the subordinate terms for consecutive offenses which are all offenses described in subdivision (a) of section 462 may exceed five years but shall not exceed 10 years."[2] This amendment also sought to alter subdivision (f) of section 1170.1 to read, in relevant part: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' . . . *or the defendant stands convicted of at least two offenses described in subdivision (a) of Section 462 . . . ."* (Italics added.)

Minor changes in the language of AB 501 were again made by the Senate in June 1982. The five-year limitation on subordinate terms was increased to ten years "for consecutive offenses which are all residential burglaries . . . ." An exception to the double the base term limitation was included where "the defendant stands convicted of at least two residential burglaries." The bill was once again amended in the Senate on August 19, 1982, then unanimously approved by both the Senate and Assembly. This final amendment to the bill made no substantive changes. However, AB 501 was rewritten to *add* Penal Code section 1170.8 rather than to amend Penal Code section 1170.1 as the bill had originally provided. In its final form, the bill

---

[2]In 1982, Penal Code section 462, subdivision (a) provided: "(a) Except in unusual cases where the interest of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary in the nighttime, or a felony burglary in the daytime, of an inhabited dwelling house or trailer coach, as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building." Penal Code section 462 was subsequently amended.

contained language identical to the language of Penal Code section 1170.95 as it presently exists.[3]

In view of the foregoing, the legislative history of Penal Code section 1170.95 clearly discloses a legislative intent to address the problem of defendants who commit multiple residential burglaries, who, because of the then existing limitations on the length of subordinate prison terms and the double the base term rule, could not be sentenced to consecutive sentences commensurate with their crimes. This interpretation is supported by the analysis of the Legislative Counsel, which stated, in relevant part "[t]his bill would increase the 5-year limitation on subordinate terms to 10 years in the case where the consecutive offenses are for residential burglary, and would eliminate the limitation of twice the base term on total terms of imprisonment to which it applies if the defendant is convicted of at least 2 residential burglaries." (Leg. Counsel's Dig. of AB 501, Stats. 1982 (Reg. Sess.) Summary Dig., p. 457.)

The desire to alter the limitations on the subordinate prison terms for *all* crimes was apparently tempered by the Legislature's reluctance to pass a measure likely to have a detrimental impact upon an already crowded state prison system. The enactment of Penal Code section 1170.95 to increase the length of subordinate prison terms, where multiple residential burglaries are involved, was an accommodation to these two competing legislative concerns. It represents a policy determination on the part of the Legislature that the crime of residential burglary posed a unique threat to society warranting a substantial increase in the otherwise existing limitations on consecutive sentencing.

This interpretation of Penal Code section 1170.95 is further supported by a report on the bill prepared by the Legislative Counsel for the Senate Committee on the Judiciary. (Rep. of Sen. Com. on Judiciary on AB 501 (1981-1982 Reg. Sess.).) That report includes the following analysis of the reasons underlying the bill: "Proponents of this bill contend that under current limitations persons convicted of multiple burglary counts get what are, in effect, 'free' crimes, since the total for subordinate terms is limited to five years [Pen. Code Sec. 1170.1 (a)] and the total term cannot exceed twice the base term of the principal offense [Sec. 1170.1(f)] unless a violent felony or an escape from prison is involved. . . . [¶] The proponents see this as a loophole in the law that should be closed, given the rising residential burglary rate."

---

[3]In the March 4, 1982, version of AB 501, a provision was added which conditioned its operative effect upon the passage of the New Prison Construction Bond Act at the 1982 Primary Election. Following the passage of that act, this contingency provision was deleted from subsequent versions of the bill.

The interpretation of Penal Code section 1170.95 advanced by appellant is inconsistent with the Legislature's expressed goal of punishing criminals for each residential burglary committed to the maximum extent possible in the face of limited state prison resources. (See *People* v. *Jackson* (1985) 37 Cal.3d 826, 838 [210 Cal.Rptr. 623, 694 P.2d 736].) An absurd result would occur if Penal Code section 1170.95 were to be construed as increasing subordinate terms and abolishing the double the base term limitation *only* when a defendant is convicted of multiple offenses which are *all* residential burglaries. Under such a construction, appellant and persons similarly situated would continue to be "immune" from appropriate punishment for their multiple acts of residential burglary merely because they were also charged with, and convicted of, committing other crimes, a result expressly considered and rejected by the Legislature as a "loophole in the law."

Furthermore, under the interpretation of Penal Code section 1170.95 advanced by appellant, a legally correct prosecutorial or judicial decision to join, or sentence for convictions involving, residential burglaries along with other offenses could, in some cases, have the fortuitous consequence of limiting the maximum permissible punishment which could be imposed for multiple convictions for residential burglary. Similarly, a defendant might forego seeking severance of multiple counts of residential burglary from other counts thereby jeopardizing the right to a fair trial, rather than risk a substantially longer prison term which might be imposed upon conviction in the severed proceeding for multiple crimes which are *all* residential burglaries. "As was said in a different context, '[t]he intent to create such an illogical and confusing scheme cannot be attributed to the Legislature. In fact, it is a duty of the courts to construe statutes so as to avoid such an absurd result, if possible . . . .' [Citation.]" (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 9 [177 Cal.Rptr. 325, 634 P.2d 352]; see also *People* v. *Burroughs* (1984) 35 Cal.3d 824, 836, fn. 10 [201 Cal.Rptr. 319, 678 P.2d 894].)

In accordance with the foregoing analysis, subdivision (a) of Penal Code section 1170.95 must be construed to increase to 10 years the permissible total of subordinate prison terms which may be imposed when a defendant has been convicted of more than one residential burglary. However, consistent with the Legislature's evident concern with the effective utilization of available state prison resources, the subordinate prison terms for any offenses other than residential burglary may not exceed five years, even when the defendant has been convicted of more than one residential burglary. Furthermore, subdivision (b) of Penal Code section 1170.95 must be construed as eliminating entirely the double-the-base-term limitation of Penal Code section 1170.1, subdivision (g), in any case in which the defendant

is sentenced consecutively for two or more residential burglaries, regardless of whether the defendant is sentenced for other crimes.

In view of the foregoing, the total unstayed consecutive terms for the offenses other than residential burglary may not exceed five years. However, the unstayed term of two years and eight months imposed for the two subordinate residential burglaries was properly ordered to run consecutively to the five-year consecutive term for the robberies.[4] As the People concede, under the provisions of Penal Code section 1170.95 as herein construed, the maximum permissible term of imprisonment for appellant's offenses is 13 years and 8 months and the excess term must be stayed.[5]

## DISPOSITION

The judgment is modified to reflect a maximum term of imprisonment of 13 years and 8 months in accordance with the views herein expressed and, as modified, is affirmed.

Klein, P. J., and Danielson, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 6, 1985.

---

[4]It is anomalous that there is a ten-year maximum for the total of unstayed subordinate terms for residential burglaries, where the inhabitant need not actually be confronted, but there is a five-year maximum for subordinate terms for residential robberies, which must be accomplished by force or fear. This apparent oversight in the sentencing scheme might well be addressed by the Legislature.

[5]The maximum permissible sentence is computed in the following manner: the upper base term of six years for first degree residential burglary, plus a total unstayed consecutive term of five years for the two subordinate robberies and eight subordinate residential robbery offenses, plus additional consecutive terms of one year and four months for each of the two subordinate first degree residential burglaries. Since these terms of imprisonment were imposed by the trial court, it is unnecessary to remand the matter for further proceedings as to sentence.