[No. F013772. Fifth Dist. Oct. 31, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK ROBERT NAVARRO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*The Statement of Facts and part III of this opinion are not certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)

## COUNSEL

Howard J. Spector, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEST, P. J.**—When a defendant is sentenced for both armed and unarmed robbery convictions, does Penal Code[1] section 1170.95, subdivision (g)

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

impose a 10-year limit on all the consecutive subordinate terms for robbery or may subordinate terms for the unarmed robberies be imposed subject to a separate 5-year limit under section 1170.1, subdivision (a)? We will conclude the 10-year limit applies for all the robbery convictions and modify the judgment accordingly.

## STATEMENT OF THE CASE

As pertinent to the appeal, defendant was convicted by jury of six counts of robbery with the use of a knife (§§ 212.5, subd. (b), 12022, subd. (b)), five counts of robbery (§ 212.5, subd. (b)), one count of attempted robbery (§§ 664/212.5), three counts of assault with a deadly weapon (§ 245, subd. (a)(1)), and one misdemeanor count of giving false information to a police officer (§ 148.9, subd. (a)). In addition, the court found defendant had suffered a prior conviction of a serious felony (§ 667) and a prior prison term (§ 667.5, subd. (b)). Defendant initially pleaded guilty to numerous counts on the understanding the maximum allowable sentence was 12 years. Later the probation officer reported to the court that the potential maximum sentence was actually 20 years. Defendant was permitted to withdraw his guilty plea and went to trial where he was convicted of the offenses set out above.

The trial court sentenced defendant as follows:

| Principal term: | |
|---|---|
| Count 1 Robbery with knife use | 5-year upper term 1 year |
| section 667.5, subdivision (b) prior | 1 year |
| section 667 prior | 5 years |
| Subordinate term: | |
| Five other robbery-with-knife-use counts per section 1170.95, subdivision (g) | 6 years, 8 months |
| Five counts of robbery per section 1170.1, subdivision (a) | 5 years |
| Total Term | 23 years, 8 months |

Sentences on the attempted-robbery and assault-with-a-deadly-weapon convictions were stayed. The court imposed a concurrent one-year jail term on the providing-false-information count.

## STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I. *When sentence is imposed for both armed and unarmed robbery convictions, does section 1170.95, subdivision (g) prescribe a 10-year limit on all the consecutive subordinate terms for robbery or may consecutive subordinate terms for the unarmed robberies be imposed subject to the 5-year limit of section 1170.1, subdivision (a)?*

Defendant received a total of 11 years, 8 months in consecutive subordinate terms for all the robbery-related counts except the principal count. ▉▉ He contends under section 1170.95, subdivision (g) the total consecutive subordinate term for the robberies was limited to 10 years because cumulative consecutive subordinate terms are not authorized under both section 1170.95, subdivision (g) and section 1170.1, subdivision (a). We must determine whether section 1170.95, subdivision (g)'s 10-year limitation on consecutive subordinate terms applies to all robbery convictions for which sentence is to be imposed, or whether in addition thereto consecutive subordinate terms for the unarmed robberies may be imposed subject only to section 1170.1, subdivision (a)'s 5-year limitation.

▉▉ "The fundamental purpose of statutory construction is to ascertain the intent of lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] . . . Finally, we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].)

Under the determinate sentencing scheme, section 1170.1, subdivision (a) imposes a five-year limit on the total subordinate terms for consecutive offenses that are not section 667.5, subdivision (c) "violent felonies." ▉▉ Neither defendant's armed robberies nor his unarmed robberies were "violent felonies." Thus, absent an exception, section 1170.1, subdivision (a) would limit the total consecutive subordinate terms for all the robberies to five years.

---

*See footnote *ante*, page 1144.

However, certain subordinate terms have been statutorily excluded from the five-year limitation. Section 1170.95, subdivision (g) provides:

"When a consecutive term of imprisonment is imposed pursuant to Sections 669 and 1170 which involves two or more convictions for robbery where it is charged and found that in each of those robberies that the defendant personally used a deadly or dangerous weapon in the commission of that robbery, as provided in subdivision (b) of Section 12022, and each of those robberies is not a violent felony, as defined in subdivision (c) of Section 667.5, the aggregate term shall be calculated as provided in subdivision (a) of Section 1170.1, except that the subordinate term for each subsequent robbery conviction shall consist of one-third of the middle term of the imprisonment and one-third of the enhancement provided in subdivision (b) of Section 12022. Notwithstanding Section 1170.1, the total number of subordinate terms imposed under this subdivision may exceed five years but shall not exceed 10 years."

Defendant submits, under section 1170.95, subdivision (g), section 1170.1, subdivision (a)'s five-year limit on subordinate terms for nonviolent felonies is increased to ten years when the defendant's convictions involve two or more armed robberies. Thus, in such cases, section 1170.95, subdivision (g) supersedes section 1170.1, subdivision (a).

The People respond, such an interpretation is contrary to the language of the statute and its historical development. First, under the terms of section 1170.95, subdivision (g), when consecutive sentences are imposed on robberies which are accompanied by a knife-use enhancement, the subordinate term for each conviction consists of one-third of the middle term plus one-third of the enhancement. And the total of the subordinate consecutive terms "imposed under this subdivision may exceed five years but shall not exceed 10 years."

The People submit that the subordinate terms for the unenhanced robberies cannot be computed by including one-third of the middle term and one-third of the enhancement because there is no enhancement. Further, the subordinate terms imposed for the unarmed robbery convictions were not "terms imposed under [section 1170.95, subdivision (g)]." Those subordinate terms were imposed under section 1170.1, subdivision (a). Thus, the argument goes, section 1170.95, subdivision (g), by its terms, does not apply to the unarmed robberies, and they are subject to an additional five-year limit under section 1170.1, subdivision (a).

We are unable to accept the People's interpretation and conclusion. Section 1170.95, subdivision (g), by its terms, applies to any situation "[w]hen

a consecutive term of imprisonment is imposed . . . which involves two or more convictions for robbery where . . . defendant personally used a deadly or dangerous weapon . . . ." That is the case here. However, the question remains whether section 1170.95, subdivision (g) applies in addition to, rather than in lieu of, section 1170.1, subdivision (a). As defendant points out, such an interpretation would create an absurd result in his case. If a separate section 1170.1, subdivision (a) 5-year cap applies to the unarmed robberies in addition to the section 1170.95, subdivision (g) 10-year cap which applies to the armed robberies, defendant would have been better off if he was convicted of all armed robberies because only section 1170.95, subdivision (g) would then apply and the total subordinate terms imposed could not exceed 10 years.

The People also contend section 1170.95's historical development demonstrates the Legislature intended the 10-year limitation to apply in addition to section 1170.1, subdivision (a)'s 5-year limitation. In *People* v. *Jackson* (1985) 166 Cal.App.3d 187 [212 Cal.Rptr. 121], the court faced a statutory interpretation problem with respect to subdivision (a) of the then section 1170.95.[2] Jackson was convicted of three counts of residential burglary, two counts of robbery, and nine counts of residential robbery. He argued since 11 of his 14 crimes were not residential burglaries, section 1170.95, subdivision (a) did not apply and the total consecutive terms for all his subordinate offenses could not exceed 5 years. (*Jackson, supra,* at p. 190.)

The court found subdivision (a) ambiguous. It could be construed to permit the 10-year cap to apply only when all of defendant's convictions were for residential burglary. Alternatively, it could be interpreted to apply to all convictions for residential burglary, even when a defendant is convicted of other, unrelated offenses to which the five-year limitation of section 1170.1, subdivision (a) would apply. (*People* v. *Jackson, supra,* 166 Cal.App.3d at p. 190.) The court reviewed section 1170.95's legislative history and that of its predecessor, section 1170.8. The court concluded that the legislative history disclosed an intent to address the problem of defendants who commit multiple residential burglaries, but who, because of the then existing limitations on the length of subordinate prison terms, could not be sentenced to consecutive sentences commensurate with their crimes. This interpretation was supported by the Legislative Counsel's analysis: "[t]his bill would increase the 5-year limitation on subordinate terms to 10 years in

---

[2] That section provided in pertinent part:

"Notwithstanding Section 1170.1 relating to the maximum total of subordinate terms for consecutive offenses which are not 'violent felonies,' the total of the subordinate terms for consecutive offenses which are all residential burglaries may exceed five years but shall not exceed 10 years."

the case where the consecutive offenses are for residential burglary . . . ." (*Jackson, supra,* at pp. 191-193.)

The legislative history also showed that the Legislature had originally wanted to alter the limitations on the subordinate prison terms for all crimes. However, this desire was apparently tempered by its reluctance to pass a measure likely to have detrimental impact on the already crowded state prison system. The enactment of section 1170.95, subdivision (a) to increase the length of subordinate prison terms where multiple residential burglaries are involved was an accommodation to the two competing legislative concerns. It represented a policy determination that the crime of residential burglary posed a unique threat to society warranting a substantial increase in the otherwise existing limitations on consecutive sentencing. (*People* v. *Jackson, supra,* 166 Cal.App.3d at p. 193.)

The *Jackson* court concluded the interpretation of section 1170.95 advanced by defendant was inconsistent with the Legislature's expressed goal of punishing criminals for each residential burglary committed to the maximum extent possible in the face of limited state prison resources. Therefore, subdivision (a) of section 1170.95 "must be construed to increase to 10 years the permissible total of subordinate prison terms which may be imposed when a defendant has been convicted of more than one residential burglary. However, consistent with the Legislature's evident concern with the effective utilization of available state prison resources, the subordinate prison terms for any offenses other than residential burglary may not exceed five years, even when the defendant has been convicted of more than one residential burglary." (*People* v. *Jackson, supra,* 166 Cal.App.3d at p. 194.)

The *Jackson* court did not explain why it imposed an aggregate consecutive subordinate term under section 1170.95, subdivision (a) and a separate aggregate consecutive subordinate term under section 1170.1, subdivision (a). In our view, the *Jackson* court's conclusion that both the five-year limitation and the ten-year exception to the five-year limitation apply is inconsistent with the cited legislative history. If the purpose of the legislation was to "increase the 5-year limitation on subordinate terms to 10 years" (*People* v. *Jackson, supra,* 166 Cal.App.3d at p. 193) when the defendant is convicted of the enumerated offenses, then that purpose is served by applying section 1170.95, subdivision (g) in lieu of section 1170.1, subdivision (a). Further, imposing only the 10-year limitation promotes the legislative purpose of increasing the length of the subordinate terms.

The People point out that when the Legislature added subdivision (g) of section 1170.95 in 1988, they had the benefit of the construction given to subdivision (a) by the *Jackson* court. Thus, they submit, the language used in

subdivision (g) is consistent with the conclusion that the Legislature intended that a similar interpretation be given to subdivision (g).

Defendant disagrees. He contends if the Legislature had intended the 10-year subordinate term limitation to apply only to armed robberies and not to other robberies it would have used different language. For example, the language of subdivisions (a), (c) and (e) of section 1170.95 makes clear that the 10-year limit applies only to subordinate terms for the enumerated offense. Subdivision (a) provides, ". . . the total of the subordinate terms for consecutive offenses which are *all* residential burglaries may exceed five but shall not exceed 10 years." (Italics added; subds. (c) and (e) use identical language but refer to residential robberies and residential arsons.) Since the same language was not used in subdivision (g), defendant contends the subdivision does not restrict the 10-year cap to "consecutive offenses that are all armed robberies" but rather to the "aggregate term" of all consecutive offenses. We further note subdivision (g) contains the following language not found in the preceding subdivisions:

". . . the aggregate term shall be calculated as provided in subdivision (a) of Section 1170.1, except that the subordinate term for each subsequent robbery conviction shall consist of one-third of the middle term of imprisonment and one-third of the enhancement provided in subdivision (b) of Section 12022. Notwithstanding Section 1170.1, the total number of subordinate terms imposed under this subdivision may exceed five years but shall not exceed 10 years."

The inclusion of the above language in subdivision (g) and the legislative history related to its enactment leads us to conclude that the Legislature intended subdivision (g) to be an exception to and to supersede the general rule as contained in section 1170.1, subdivision (a).

Section 1170.95, subdivision (g) was added by statute as Assembly Bill No. 2825. The Legislative Counsel's Digest provides:

"Existing law provides that the aggregate term of imprisonment that may be imposed when a person is convicted of 2 or more felonies shall be the sum of the principal term, the subordinate term, and any additional term imposed pursuant to specified provisions of law. If the offenses are not 'violent felonies' the total of subordinate terms for consecutive offenses may not exceed 5 years. . . .

"This bill would provide that, when a consecutive term of imprisonment is imposed in cases involving 2 or more convictions of robbery where it is charged and found that the defendant personally used a deadly or dangerous

weapon in the commission of that robbery and each of those robberies is not a 'violent felony,' the aggregate term shall be calculated pursuant to specified provisions of existing law, except that the subordinate term for each subsequent robbery conviction shall consist of 1/3 of the middle term of imprisonment and 1/3 of the enhancements provided in specified provisions of existing law. This bill would authorize the total number of subordinate terms to exceed 5 years, but would limit the term so that it does not exceed 10 years." (See Legis. Counsel's Dig., Assem. Bill No. 2825, Stats. 1988 (Reg. Sess.) Summary Dig., pp. 1835-1836.)

The Legislative Counsel's comments support the conclusion that the 10-year cap applies to all the consecutive subordinate terms imposed. The first paragraph notes, in the usual case where the offenses are not violent felonies, "the total of subordinate terms for consecutive offenses may not exceed 5 years." The comment concludes, "This bill would authorize the total number of subordinate terms to exceed 5 years, but would limit *the term* so that it does not exceed 10 years." (Italics added.)

In addition, in analyzing the bill, the Senate Committee on Judiciary put the issue as, "Should the *five year limit on total subordinate consecutive prison terms for nonviolent felonies* be increased to 10 years for 2 or more convictions for robbery involving a deadly or dangerous weapon?" (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2825 (1987-1988 Reg. Sess.) as amended April 20, 1988, italics added.) This language further supports our conclusion the Legislature intended that section 1170.95, subdivision (g)'s 10-year limitation applies in place of section 1170.1, subdivision (a)'s 5-year limitation "[w]hen a consecutive term of imprisonment is imposed pursuant to sections 669 and 1170 which involves two or more convictions for [armed] robbery . . . ." (§ 1170.95, subd. (g).)

Accordingly, subdivision (g) of section 1170.95 must be construed to increase to 10 years the permissible total of all consecutive subordinate terms which may be imposed when a defendant has been convicted of more than one armed robbery. In this case, therefore, the total unstayed consecutive subordinate terms may not exceed ten years, and the excess one year, eight months imposed must be stayed.

II. *Should defendant be permitted to reinstate his guilty plea subject to a correct calculation of what would have been the maximum term he was facing when he withdrew his plea?*

Initially defendant pleaded guilty to seven counts of armed robbery, five counts of robbery, one count of attempted robbery, three assaults with a deadly weapon, and one count of providing false information to a police

officer. He also admitted one section 667.5, subdivision (b) prior. (The § 667 allegation was added by the first amended information after defendant withdrew his guilty plea.) Defendant pleaded guilty with the understanding that the maximum possible sentence he faced was 12 years. Later, the probation officer determined that section 1170.95, subdivision (g) applied in addition to section 1170.1, subdivision (a) and, according to the probation officer's calculation, the possible maximum sentence was 20 years. Defendant was permitted to withdraw his plea. If the probation officer had computed the maximum term by applying only section 1170.95, subdivision (g) as was proper, defendant would have faced a maximum of 17 years.[3] The question presented is whether defendant should be permitted the opportunity to plead guilty to a correctly calculated maximum term at this stage of the proceedings.

Defendant contends the incorrect information concerning the maximum term he faced violated his right to due process because it prevented him from making an informed decision concerning the withdrawal of his guilty plea. We disagree. The failure to achieve a potential plea bargain, the result of which is a not guilty plea, deprives the defendant of no constitutional entitlement.

The process of plea bargaining has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions. (*People* v. *Yu* (1983) 143 Cal.App.3d 358, 371 [191 Cal.Rptr. 859].) If an offer is made, due process applies to the procedure of accepting a plea (see *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]) and to implementation of the bargain itself. (*People* v. *Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211].) But the prosecution is under no duty to plea bargain; if no offer is made, the defendant is entitled to a jury trial. (*People* v. *Barnett* (1980) 113 Cal.App.3d 563, 572 [170

---

[3] Principal term

| Robbery with use of knife | 5 years (upper term) |
| knife use | 1 year |
| section 667.5, subdivision (b) prior | 1 year |
| Subordinate term: | |
| Six counts armed robbery, five counts robbery, one count (one year, four months for each attempted robbery armed robbery, one year for each robbery, one-third the midterm for the attempted robbery with the excess over 10 years stayed. Three counts ADW stayed per section 654 | 10 years |
| Total Sentence | 17 years |

Cal.Rptr. 255].) A plea bargain is merely an agreement between the prosecutor and the defendant as to disposition which will be submitted to the judge for adoption, and by which a defendant waives his right to trial. It vests no rights other than those which relate to immediate disposition of the case. (*Way* v. *Superior Court* (1977) 74 Cal.App.3d 165, 180 [141 Cal.Rptr. 383].)

Two cases are instructive. In *People* v. *Barnett, supra,* 113 Cal.App.3d 563, defendant alleged she was denied due process because she was forced to stand trial after her codefendant rejected a "package deal" plea bargain conditioned on both defendants entering pleas. Defendant accepted the prosecution's offer but her codefendant did not. Subsequently, their trials were severed because of the codefendant's medical problems. After defendant was found guilty, her codefendant was permitted to plead guilty to the terms originally offered to him. (*Id.* at pp. 567, 569.) The court rejected defendant's claim and held that the crucial factor in determining if a defendant has a right to specific performance of a plea bargain offer is whether the defendant has given up a valuable constitutional right, such as the right to speedy trial, or otherwise detrimentally relied on the promises made in the plea bargain. (*Id.* at p. 574.) The court concluded that none of defendant's due process rights under either the United States or California Constitutions were violated by requiring her to stand trial. The prosecution may elect to let a case go to trial, and a jury trial represents the ultimate of due process. (*Ibid.*) Further, even if any conduct by the prosecution amounted to a breach of an agreement, defendant's jury trial was an adequate remedy to repair any harm caused thereby. (*Id.* at p. 575.)

In *Mabry* v. *Johnson* (1984) 467 U.S. 504 [81 L.Ed.2d 437, 104 S.Ct. 2543], the Supreme Court held that the defendant's acceptance of the prosecution's proposed plea bargain which was later withdrawn did not create a constitutional right to have that bargain specifically enforced. Thus, defendant could not successfully attack his subsequent guilty plea pursuant to a later plea bargain with a more onerous sentence. Defendant's plea was not induced by the prosecutor's withdrawn offer so defendant's inability to enforce the prosecutor's original offer was without constitutional significance. (*Id.* at p. 510 [81 L.Ed.2d p. 444].) Whether the prosecutor was negligent or otherwise culpable in making and then withdrawing the initial offer was irrelevant. "The Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty." (*Id.* at p. 511 [81 L.Ed.2d at p. 445].) Here, defendant was not deprived of his liberty in any fundamentally unfair way. (*Ibid.*)

 Applying those principles to defendant's situation, we conclude defendant's due process rights were not violated when he was informed that

the maximum term he faced was 20 rather than 17 years. When defendant initially pleaded guilty, he was misinformed as to the maximum term he faced. Thereafter, he was properly permitted to withdraw his plea of guilty (*People* v. *Williams* (1969) 269 Cal.App.2d 879, 885 [75 Cal.Rptr. 348]) and was tried by jury. He was entitled to nothing more.

The initial plea agreement did not confer any right on defendant to another plea bargain with a specified term. (See *Mabry* v. *Johnson, supra,* 467 U.S. 504.) And, since defendant does not claim he gave up any constitutional right or detrimentally relied on any plea bargain, his constitutional rights were not implicated. (*Id.* at p. 510.) Finally, even if the erroneous advisement as to the correct maximum term infringed defendant's due process rights, his subsequent jury trial was an adequate remedy for any resulting harm. (*People* v. *Barnett, supra,* 113 Cal.App.3d at p. 575.)

III. *Does substantial evidence support the count 12 robbery conviction?*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Disposition

The judgment is modified to reflect a maximum term of imprisonment of 22 years in accordance with the views herein expressed and, as modified, is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting such modification and forward copies to all appropriate authorities.

Buckley, J., and Brown (G. A.), J.,† concurred.

Respondent's petition for review by the Supreme Court was denied February 13, 1992.

---

\*See footnote *ante,* page 1144.
†Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.