[No. D014866. Fourth Dist., Div. One. Mar. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO CANTO, Defendant and Appellant.

### COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**TODD, J.**—Francisco Canto pleaded guilty to two counts of vehicle theft (Veh. Code, § 10851) and four counts of residential burglary (Pen. Code, §§ 459, 460). The court sentenced him to prison for twelve years as follows: the upper term of six years for one of the residential burglaries as the principal term, plus consecutive subordinate terms of sixteen months for each of the other three residential burglaries (one-third the midterm), and consecutive mid-terms of one year each for the two vehicle thefts. On appeal, Canto contends the court erred in imposing subordinate terms in violation of the five-year limit of Penal Code section 1170.1, subdivision (a).[1] We affirm.

---

[1] In light of Canto's guilty plea and the single, narrow sentencing issue presented on appeal, we need not recite a statement of facts.

All subsequent statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

Section 1170.1, subdivision (a) imposes a five-year limit on the total consecutive subordinate terms for offenses that are not "violent felonies" under section 667.5, subdivision (c). Because none of Canto's convictions was for a violent felony, section 1170.1, subdivision (a) would ordinarily apply to limit the total consecutive subordinate terms to five years. However, the Legislature has determined that certain subordinate terms are to be excluded from the five-year limitation. As is applicable here, section 1170.95, subdivision (a) increases the five-year limitation for consecutive subordinate terms to ten years "for consecutive offenses which are all residential burglaries . . . ."

Canto received a total of six years in consecutive subordinate terms. He contends under section 1170.1, subdivision (a) the court could not impose subordinate terms exceeding the five-year limit. He further contends the exception provided in section 1170.95, subdivision (a) for residential burglaries does not apply where consecutive terms are imposed for offenses other than residential burglaries.

In *People* v. *Jackson* (1985) 166 Cal.App.3d 187, 190 [212 Cal.Rptr. 121], the defendant raised the identical issue, arguing section 1170.95, subdivision (a) did not apply because 11 of his 14 convictions were not for residential burglaries. The court disagreed, however, and after a thorough analysis of the legislative history of section 1170.95, concluded the defendant's interpretation of that section was "inconsistent with the Legislature's expressed goal of punishing criminals for each residential burglary committed to the maximum extent possible in the face of limited state prison resources. [Citation.]" (*People* v. *Jackson, supra,* 166 Cal.App.3d at p. 194.) The court reasoned that "[a]n absurd result would occur if . . . section 1170.95 were to be construed as increasing subordinate terms . . . *only* when a defendant is convicted of multiple offenses which are *all* residential burglaries. Under such a construction, [defendant] and persons similarly situated would continue to be 'immune' from appropriate punishment for their multiple acts of residential burglary merely because they were also charged with, and convicted of, committing other crimes, a result expressly considered and rejected by the Legislature as a 'loophole in the law.'" (*Ibid.,* italics in original.)

Although Canto disagrees with the *Jackson* court's interpretation of section 1170.95, subdivision (a), we do not. A logical reading of that provision requires the increased limits on subordinate terms to apply to all convictions for residential burglaries, regardless of whether a defendant is convicted of

other offenses to which the five-year limit of section 1170.1 applies. As stated by the court in *Jackson*, the enactment of section 1170.95, subdivision (a) represents a policy determination that residential burglaries pose a unique threat to society warranting a substantial increase in the otherwise existing limitations on consecutive sentencing. (*People* v. *Jackson, supra,* 166 Cal.App.3d at p. 193; see also *People* v. *Navarro* (1991) 235 Cal.App.3d 1144, 1151 [1 Cal.Rptr.2d 245.].)

Here, Canto's consecutive subordinate sentence consisted of three 16-month terms (four years) on each of the residential burglaries other than the principal burglary count. The consecutive total for the nonburglary counts was two years. Although the total of the consecutive subordinate terms was six years, the court properly sentenced Canto in accord with the legislative intent to punish those who commit multiple residential burglaries as mandated by section 1170.95, subdivision (a).

### DISPOSITION

The judgment is affirmed.

Work, Acting P. J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 24, 1992.