[No. C021506. Third Dist. Oct. 1, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKY CARTER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*See footnote 2, *post*, page 130.

---

**COUNSEL**

Willard F. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—Two separate juries convicted defendant of a total of 14 offenses—11 counts of second degree robbery (Pen. Code, §§ 211, 212.5; further statutory references to sections of an undesignated code are to the Penal Code), 2 counts of attempted second degree robbery (§§ 211, 212.5, 664), and 1 count of attempted kidnapping (§§ 207, 664).[1] Enhancements for personal use of a deadly weapon (§ 12022, subd. (b)) were found as to eight of the offenses, including five of the robberies. In consolidated proceedings, defendant was sentenced to state prison for 14 years, 4 months.

On appeal, defendant contends: (1) The court improperly influenced the first jury and failed to inquire as to why some jurors were not deliberating; (2) the evidence is insufficient to support one of the robbery convictions; and (3) the court erred in calculating the subordinate term.

In the published portion of this opinion we shall conclude that the 10-year limit on subordinate terms imposed by section 1170.95, subdivision (g) applies only to nonviolent robberies with use of a deadly weapon and is not a limitation on the cumulative subordinate term imposed for that kind of robbery as well as for other kinds of offenses.[2] Since the trial court properly calculated the subordinate term and we reject defendant's remaining contentions, we shall affirm.

## I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

The trial court sentenced defendant to an unstayed term of fourteen years, four months, calculated as follows: for the five counts of robbery in which defendant personally used a deadly weapon, a principal term of four years (three-year middle term plus one year for the deadly weapon use enhancement) and subordinate terms totaling five years, four months (four subordinate terms of one year and four months each); for five of the six unarmed robberies, subordinate terms of one year each, for a total of five

---

[1]The first jury convicted defendant of three robberies, one attempted robbery and attempted kidnapping but was discharged when it was unable to agree on the remaining charges. Defendant was retried before a second jury which convicted him of eight robberies and one attempted robbery.

[2]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I. and II.

*See footnote 2, *ante.*

years. Service of sentence on the remaining unarmed robbery, the attempted kidnapping and the two attempted robberies was stayed.

Section 1170.95, subdivision (g) provides: "When a consecutive term of imprisonment is imposed pursuant to Sections 669 and 1170 which involves two or more convictions for robbery where it is charged and found that in each of those robberies that the defendant personally used a deadly or dangerous weapon in the commission of that robbery, as provided in subdivision (b) of Section 12022, and each of those robberies is not a violent felony, as defined in subdivision (c) of Section 667.5, the aggregate term shall be calculated as provided in subdivision (a) of Section 1170.1, except that the subordinate term for each subsequent robbery conviction shall consist of one-third of the middle term of imprisonment and one-third of the enhancement provided in subdivision (b) of Section 12022. Notwithstanding Section 1170.1, the total number of subordinate terms imposed under this subdivision may exceed five years but shall not exceed 10 years."

A robbery perpetrated in an inhabited dwelling in which defendant personally used a deadly weapon within the meaning of section 12022, subdivision (b), is a violent felony. (§ 667.5, subd. (c)(9).) Defendant was sentenced to four subordinate terms for robberies in which he personally used a deadly weapon but the robberies were not perpetrated in an inhabited dwelling and thus were not violent felonies. Accordingly, section 1170.95, subdivision (g) is applicable and the total subordinate term imposed is not subject to the five-year limitation of section 1170.1, subdivision (a).

In *People* v. *Navarro* (1991) 235 Cal.App.3d 1144 [1 Cal.Rptr.2d 245], the defendant was convicted of six counts of nonviolent robbery with personal use of a deadly weapon and five counts of unarmed robbery. The trial court selected one of the robbery-with-deadly-weapon counts as the principal term and imposed a consecutive subordinate term based on the remaining counts totaling 11 years, 8 months. The subordinate term was comprised of six years, eight months for the five remaining robbery-with-deadly-weapon counts and five years for the unarmed robbery counts.

On appeal, the appellate court concluded that where section 1170.95, subdivision (g) applies, it imposes a 10-year limitation on the aggregate of *all* subordinate terms, regardless of the nature of the offenses. Accordingly, the court stayed one year, eight months of the eleven-year, eight-month subordinate term.

In this case, the court imposed subordinate terms totaling five years, four months for the four nonviolent robberies with deadly weapon, well within

the ten-year limit of section 1170.95, subdivision (g), but also imposed subordinate terms totaling five years for the five unarmed robberies for an aggregate subordinate term of ten years, four months. Under *Navarro*, defendant would be entitled to a four-month reduction of his aggregate subordinate term.

We decline to follow *Navarro* because, in our view, it is inconsistent with the language and intent of section 1170.95, subdivision (g). As originally enacted, section 1170.95 provided a 10-year limit on subordinate terms only for residential burglaries which did not meet the criteria of a violent felony. (See § 667.5, subd. (c)(8).)[4] Subdivision (a) of section 1170.95 read: "Notwithstanding the provisions of Section 1170.1 relating to the maximum total of subordinate terms for consecutive offenses which are not 'violent felonies,' the total of the subordinate terms for consecutive offenses which are all residential burglaries may exceed five years but shall not exceed 10 years." (Stats. 1982, ch. 1296, § 1, p. 4786.)[5]

In *People* v. *Jackson* (1985) 166 Cal.App.3d 187 [212 Cal.Rptr. 121], the court concluded subdivision (a) of section 1170.95 applies whenever subordinate terms are imposed for nonviolent residential burglaries regardless of whether other offenses are also included. The defendant had been convicted of several nonviolent residential burglaries as well as other offenses and argued section 1170.95 was inapplicable because the offenses for which subordinate terms were imposed were not "all" residential burglaries. The court rejected this argument as "absurd," concluding the 10-year limit of section 1170.95, subdivision (a) applies to all nonviolent residential burglaries, while the 5-year limit of section 1170.1, subdivision (a) applies to all other nonviolent offenses. (166 Cal.App.3d at p. 194.)

In reaching this conclusion, the *Jackson* court traced the legislative history of section 1170.95. An initial proposal to eliminate the five-year limitation of section 1170.1, subdivision (a) altogether had been amended to provide an increase of the limit to ten years. In the version of the statute which was enacted, this increase was restricted to residential burglaries. The *Jackson* court concluded this history demonstrates the legislation was informed by two conflicting policies: a desire to punish residential burglary commensurate with the seriousness of the offense and a concern with prison overcrowding. (166 Cal.App.3d at p. 193.) The court explained that the

---

[4]Section 667.5, subdivision (c)(8) defines as a violent felony: "Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 or 12022.9 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5 or 12022.55."

[5]Section 1170.95 was originally enacted as section 1170.8 and later renumbered. Subdivision (a) has remained unchanged.

interpretation of section 1170.95 urged by the defendant, which would make it applicable only when "all" subordinate terms are for residential burglaries, would be inconsistent with these policies: "[S]ubdivision (a) of Penal Code section 1170.95 must be construed to increase to 10 years the permissible total of subordinate prison terms which may be imposed when a defendant has been convicted of more than one residential burglary. However, consistent with the Legislature's evident concern with the effective utilization of available state prison resources, *the subordinate prison terms for any offenses other than residential burglary may not exceed five years* . . . ." (166 Cal.App.3d at p. 194, italics added; accord, *People* v. *Canto* (1992) 4 Cal.App.4th 1280, 1282 [5 Cal.Rptr.2d 925] ["A logical reading of [section 1170.95, subdivision (a)] requires the increased limits on subordinate terms to apply to all convictions for residential burglaries, regardless of whether a defendant is convicted of other offenses to which the five year limit of section 1170.1 applies."].)

In *Navarro*, the court criticized the holding in *Jackson* as inconsistent with both the language and the legislative history of section 1170.95. (*People* v. *Navarro*, *supra*, 235 Cal.App.3d at p. 1151.) Regarding legislative history, the *Navarro* court cited the Legislative Counsel's Digest, which states: " 'This bill would authorize the total number of subordinate terms to exceed 5 years, but would limit the term so that it does not exceed 10 years.' " (235 Cal.App.3d at p. 1153.) The court also noted the report of the Senate Committee on Judiciary, which described the issue presented by the proposed legislation (adding subdivision (g)) as follows: " 'Should the five year limit on total subordinate consecutive prison terms for nonviolent felonies be increased to 10 years for 2 or more convictions for robbery involving a deadly or dangerous weapon?' " (235 Cal.App.3d at p. 1153, italics omitted.)

■ It is a fundamental principle of statutory construction that in determining legislative intent, analysis begins with the words of the statute, giving them their usual and ordinary meaning. (*Trope* v. *Katz* (1995) 11 Cal.4th 274, 280 [45 Cal.Rptr.2d 241, 902 P.2d 259].) If the language is clear, we need look no further. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ■ Section 1170.95, subdivision (g) states that when a consecutive term is imposed which involves two or more second degree robberies in which a deadly weapon was used, the aggregate term shall be calculated as in section 1170.1, subdivision (a) except that the subordinate term for each subsequent robbery shall consist of one-third the middle term and one-third of the enhancement. In other words, where a defendant is sentenced consecutively on multiple offenses and two or more of those offenses are second degree robberies with deadly weapon use, the court must sentence those robberies as specified in

section 1170.95, subdivision (g), while all other offenses are sentenced according to section 1170.1, subdivision (a).

The final sentence of section 1170.95, subdivision (g) reads: "Notwithstanding Section 1170.1, the total number of subordinate terms imposed under this subdivision may exceed five years but shall not exceed 10 years." This language parallels that in subdivision (a) except the subordinate terms to which it applies are those "imposed under this subdivision," i.e., subdivision (g), rather than those for "residential burglaries." Inasmuch as the only terms imposed under subdivision (g) are for nonviolent robberies with deadly weapon use, with all other terms imposed as provided in section 1170.1, subdivision (a), this difference in terminology is of no consequence.

The *Navarro* court's interpretation of section 1170.95, subdivision (g) does avoid an apparent anomaly. If subdivision (g) is interpreted as not applying to offenses other than nonviolent robberies with deadly weapon use, a criminal who commits multiple nonviolent robberies would be better off to use a weapon in all of them, thereby limiting the aggregate subordinate term to 10 rather than 15 years. The *Navarro* court explained: "If the purpose of the legislation was to 'increase the 5-year limitation on subordinate terms to 10 years' (*People* v. *Jackson, supra,* 166 Cal.App.3d at p. 193) when the defendant is convicted of the enumerated offenses, then that purpose is served by applying section 1170.95, subdivision (g) in lieu of section 1170.1, subdivision (a). Further, imposing only the 10-year limitation promotes the legislative purpose of increasing the length of the subordinate terms." (*People* v. *Navarro, supra,* 235 Cal.App.3d at p. 1151.)

The role of the judiciary is not to rewrite legislation to satisfy the court's, rather than the Legislature's, sense of balance and order. Judges are not " 'knight[s]-errant, roaming at will in pursuit of [their] own ideal of beauty or of goodness.' " (*American Academy of Pediatrics* v. *Lungren* (1997) 16 Cal.4th 307, 421 [66 Cal.Rptr.2d 210, 940 P.2d 797] (dis. opn. of Brown, J.), quoting from Cardozo, *The Nature of the Judicial Process,* in Selected Writings of Benjamin Nathan Cardozo (Hall edit. 1947) p. 164.) The apparent purpose underlying section 1170.95, subdivision (g) may well be served by substituting a ten-year limitation for the general five-year limitation whenever subordinate consecutive terms are imposed for multiple offenses, two or more of which are nonviolent robberies with deadly weapon use. However, the question before us is not whether such substitution would be a reasonable legislative act but whether this is in fact what the Legislature did. In our view, the language of section 1170.95, subdivision (g) is not susceptible to such an interpretation.

Section 1170.95, subdivision (g) describes the method for calculating subordinate terms for nonviolent robberies with deadly weapon use and

provides that the total subordinate term imposed "under this subdivision" may not exceed 10 years. Given the *Jackson* court's construction of similar language in subdivision (a), which construction we assume was acquiesced in by the Legislature when it added subdivision (g) without amending subdivision (a) (see *Marina Point Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 734 [180 Cal.Rptr. 496, 640 P.2d 115]), the conclusion is inescapable that the Legislature intended the 10-year limitation of section 1170.95, subdivision (g) to apply in addition to the limitation of section 1170.1, subdivision (a). Defendant's sentence conforms to these statutory limits.

The judgment is affirmed. The superior court is directed to amend the abstract of judgment to show defendant's convictions for counts 11, 13, and 14 occurred on February 9, 1995, and to forward a copy of the amended abstract to the Department of Corrections.[6]

Sims, J., concurred.

**DAVIS, J.,** Concurring and Dissenting.—For the reasons set forth in *People* v. *Navarro* (1991) 235 Cal.App.3d 1144, 1148-1153 [1 Cal.Rptr.2d 245], I construe Penal Code section 1170.95, subdivision (g), as placing a 10-year limit on the subordinate terms that could be imposed on defendant. Accordingly, four months of the ten-year, four months subordinate terms imposed by the trial court should be stayed. In all other respects, I concur with the majority opinion.

Appellant's petition for review by the Supreme Court was denied January 14, 1998.

---

[6]The abstract of judgment incorrectly states defendant's conviction on counts 11, 13, and 14 in the second trial occurred on February 9, 1994, whereas the correct date is February 9, 1995.